1  Donald R. Holben, Esq. (SBN 108401)
2  Carlos Americano, Esq. (SBN 257070)
   Eric P. Enciso, Esq. (SBN 315605)
3  DONALD R. HOLBEN & ASSOCIATES, APC
   5030 Camino de la Siesta, Suite 350
4  San Diego, CA 92108
5  Telephone: (619) 220-5555
   Facsimile: (619) 220-0033
6  Email: ca@sandiegotrialattorneys.com
7  Email: epe@sandiegotrialattorneys.com

8
   Attorneys for Plaintiffs ALEJANDRA RODRIGUEZ
9  AND AL ALLAL

10
11                UNITED STATES DISTRICT COURT
12                CENTRAL DISTRICT OF CALIFORNIA

13  ALEJANDRA RODRIGUEZ, an            ) Case No.:
14  individual; AL ALLAL, an individual, )
                                        ) COMPLAINT FOR:
15         Plaintiff,                   )    (1) FAILURE TO TIMELY
                                        )        PROVIDE YEARLY
16                                      )        ACCOUNTING
17     v.                               )        STATEMENTS PURSUANT
                                        )        TO ERISA
18  PROFIT SHARING PLAN II              )    (2) FAILURE TO TIMELY
19  ADMINISTRATIVE COMMITTEE (a         )        PROVIDE REQUESTED
    business entity form unknown), AS   )        DOCUMENTS PURUSNAT
20  PLAN ADMINISTRATOR OF THE           )        TO ERISA
21  TORRENCE'S FARM IMPLEMENTS          )    (3) DENIAL OF BENEFITS
    PROFIT SHARING PLAN II; KIRK        )        PURSUANT TO ERISA
22  HESTER; KIMBERLY HESTER-            )
23  WAKE and DOES 1 through 10,         )
    inclusive,                          )
24                                      )
25         Defendants,                  )

26
    ///
27
    ///
28
    ///

                            1
                        COMPLAINT

## I. INTRODUCTION

1. This action arises out of Defendants' failure to properly carry out their role as Plan Administrators for the TORRENCE'S FARM IMPLEMENTS PROFIT SHARING PLAN II Profit Sharing Defined Contribution Plan ("the Plan"). Specifically, the Plan Administrator has failed to comply with ERISA's reporting and disclosure requirements with respect to Plaintiff Alejandra Rodriguez and Al Allal's account. Specifically, the Plan Administrators have not presented these members – nor any other member – with any statement of account since 2017. Accordingly, Plaintiffs do not know if the Plan has been improperly managed, funded, amended, administered or if it has been terminated. The Plan Trustee's and Administrators have ignored Plaintiffs' demands for an accounting thereby leaving Plaintiffs with no option but to seek relief through this action.

## II. JURISDICTION

2. Plaintiffs bring this action for declaratory, injunctive and monetary relief pursuant to 502(a)(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(2). This Court has subject matter jurisdiction over Plaintiffs ERISA claims pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331. Plaintiffs bring this action for equitable, injunctive, and monetary relief pursuant to 29 USC § 1132.

## III. VENUE

3. Venue lies in the Central District of California pursuant to ERISA § 502(e)(2), 29 USC § 1132(e)(2), because this District is where the Plan was created, administered and breaches took place. In addition, Plaintiffs and the Defendants reside in this District.

## IV. THE PLAN AND THE PARTIES

4. Plaintiff Alejandra Rodriguez is a former employee of Torrence's Farm Implements, the sponsor of the Plan. She was employed by the company from September 24, 1996, until March 29, 2020. At all times relevant, Ms. Rodriguez has been a participant and beneficiary of the Plan within the meaning of ERISA section 3(7) and 29 USC § 1002(7). Ms. Rodriguez resides in Riverside County, California.

5. Plaintiff Al Allal is a former employee of Torrence's Farm Implements, the

sponsor of the Plan. He was employed by the company from January 1986 until March 2020. At all times relevant, Mr. Allal has been a participant and beneficiary of the Plan within the meaning of ERISA section 3(7) and 29 USC § 1002(7). Mr. Allal resides in Riverside County, California.

6. Plaintiff is informed and believes that at all relevant times, Defendants PROFIT SHARING PLAN II ADMINISTRATIVE COMMITTEE (a business entity form unknown) is designated by the terms of the TORRENCE'S FARM IMPLEMENTS PROFIT SHARING PLAN II as the Administrator ("Plan Administrator") pursuant to 29 USC §1002(16)(A)(i). The Plan is a Profit-Sharing Defined Contribution Plan sponsored by Torrence's Farm Implements, a privately held, limited investor, corporation organized and formed in the state of California. Torrence's Farm Implements provided tractor equipment sales, service, parts and rentals from its three locations in Southern California. The Plan's benefits are funded through discretionary contributions by Torrence's Farm Implements. Plaintiffs are informed and believe that Torrence's Farm Equipment has been acquired by a competitor and is no longer in business. The Administrative Committee's address for purposes of legal process under the terms of the Plan are to be sent to: Profit Sharing Plan II Administrative Committee c/o Luther Hester, Scott Hester and Bob G. Trimm, (Plan Trustees) 190 E. Highway 86 P.O. Box City of Heber, California 92249.

7. Plaintiff is informed and believes that KIRK HESTER, at all times relevant, was an officer, director or employee of Torrence's Farm Implements, who functioned as a fiduciary, including as a member of the Plan Administrator Committee.

8. Plaintiff is informed and believes that, at all times relevant, KIMBERLY HESTER-WAKE was an officer, director or employee of Torrence's Farm Implements, who functioned as a fiduciary, including as a member of the Plan Administrator Committee.

9. Without limitation, unknown "Doe" Defendants 1-10 include other individuals, including other members of the Administrative Committee, as well as Company officers, directors and employees who are or who functioned as fiduciaries, including Plan Administrators, of the Plan within the meaning of ERISA 3(21)(A), 29 USC § 1002(16) and

(21). The identities of the Doe Defendants are currently unknown to Plaintiffs. Once their identities are ascertained, Plaintiffs will seek leave to join them in the instant action under their true names.

## V. FACTS

### The Plan

10. Plaintiffs are informed and believe that on or about February 1, 1996, Torrence's Farm Implements formed a profit-sharing plan that, among other things, permits eligible employees to participate in the Plan and receive a distribution of their vested benefits upon the employee's retirement or termination of his employment. In addition, the Plan also promises to comply with ERISA which includes, but is not limited to: (1) Permitting Participants to examine all Plan documents including detailed annual reports and Plan descriptions; (2) Providing Participants with a summary of the Plan's annual financial report; and (3) Providing, upon written request, Participants with a statement of their account balance including the portion of the account balance that is vested.

11. The Plan provides that Torrence's Farm Implements will make annual discretionary contributions as determined by the Plan Committee. In addition, the Plan would be "credited annually with a share of the investment earnings and losses of the trust fund."

12. The Plan further provides a vesting schedule based upon the number of years the employee completes with Torrence's Farm Implements. According to the vesting schedule, an employee's vested percentage fully vests after the completion of their 6th year of service. A true and correct copy of the Plan is attached as Exhibit.

### Plaintiff Alejandra Rodriguez

13. Ms. Rodrigues is a former employee of Torrence's Farm Implements and a Participant in the Plan since 2001. Ms. Rodriguez worked for Torrence's Farm Implements as a Sales Coordinator for 23 years from September 24, 1996, until March 29, 2020, when the company was acquired by Eberhard Equipment.

14. In 2001, Ms. Rodriguez was presented with and elected to participate in the Plan, which Torrence's Farm Implements touted as having created it for the "well-being of our

employees".

15. Since 2013, Ms. Rodriguez has only received two account statements with the last statement being provided in 2017 (for the 2016 fiscal year).

16. In early 2020, Ms. Rodriguez was told by Defendant Kirk Hester that the Torrence's Farm Implements would be paying out all of the vested profits-sharing money in April of that year. As we now know that was not a true statement.

17. Following this meeting Ms. Rodriguez made several, albeit unsuccessful, requests for information relating to her account. For instance:

- March 27, 2020: Ms. Rodriguez requested her Profit-Sharing Statements from Defendant Kim Hester and Matt Hester (the primary owner of Torrence's Farm Implements). Ms. Rodriguez was told she would be given an update the following week, but that was not true. No statement or information was provided.
- April 9, 2020: Ms. Rodriguez followed up on her request for details of her "Profit Sharing Statements and pay out" from Defendant Kim Hester and Matt Hester. Ms. Rodriguez was given assurances that an update would be coming shortly. It never did.
- On May 11, 19, & 25, 2020: Ms. Rodriguez sent a series of emails to Defendants Kirk and Kim Hester requesting her account statements. Her requests were ignored.

18. After two years of no updates or responses to her demands for an accounting Ms. Rodriguez authorized Greg Kolodi (the person who would be handling her 401K) to request account statements from the Defendants. From March to May 2022, Mr. Kolodi made numerous requests and demands for information from the Defendants, but no information was ever provided.

**Plaintiff Al Allal**

19. Mr. Allal is a former Sales Manager of Torrence's Farm Implements and a Participant. Mr. Allal worked for Torrence's Farm Implements from January 1986 until March 2020, when the company was acquired by Eberhard Equipment.

20. In or around 1996, Mr. Allal was presented with and elected to participate in the Plan. Mr. Allal is informed and believes that in or around 2018 he received a full payout of the vested pension for the years 1996-2017. However, Mr. Allal continued to work for Torrence's Farm Implements – and participate in the Plan - for two more years. Accordingly, Mr. Allal is informed and believes that he has between two to three years of accrued benefits from the Plan. Not withstanding his payout in or around 2018 and his continuation in the Plan, Mr. Allal has not received any accounting form the Plan Administrator in years.

## VI.   FIRST CAUSE OF ACTION

**(Statutory Penalty for Failure to Provide Account Statements Pursuant to ERISA § 502(a)(1)(A), 29 U.S.C. § 1132(a)(1)(A) Against Defendants)**

21. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

22. ERISA § 502(a)(1)(A), 29 U.S.C. § 1132(a)(l)(A), authorizes a claim by a plan beneficiary for the relief provided for in ERISA § 502(c), 29 U.S.C. § 1132(c).

23. Pursuant to ERISA § 502(c), 29 U.S.C. § 1132(c), and 29 C.F.R. § 2560.502c-1, any administrator who fails to meet the requirements of ERISA § 105(a), 29 U.S.C. § 1025(a), may in the court's discretion be personally liable to such beneficiary in the amount of up to $100 per day from the date of such failure, and the court may in its discretion order such other relief as it deems proper.

24. ERISA § 105(a), 29 U.S.C. § 1025(a), requires that the administrator of an individual account plan furnish a pension benefit statement at least once each calendar year to a beneficiary who has his or her own account under the plan but does not have a right to direct the investment of assets in that account, such as the Plaintiffs.

25. Since 2017, the Plan Administrator has not provided Plaintiffs with the pension benefit statement required by the 29 USC § 1025.

26. By failing to provide Plaintiffs with quarterly or annual account statements, Plaintiffs have failed to comply with ERISA § 105(a), 29 U.S.C. § 1025(a).

///

///

## VII. SECOND CAUSE OF ACTION

**(Claim for Statutory Penalties for Failure or Refusal to Timely Provided Requested Documents Pursuant to ERISA § 502(a)(1)(A), 29 USC § 1132(c)(1) on behalf of Ms. Rodriguez only against all Defendants)**

27. Plaintiffs incorporate the foregoing paragraphs as though fully set forth herein.

28. ERISA § 502(c)(1), 29 USC § 1132(c)(1) provides that an administrator who fails or refuses to comply with a request for any information which such administrator is required by this subchapter (i.e., to 29 USC § 1025) to furnish to a participant by mailing the material requested to the last known address of the Participants within 30 days after such request may in the court's discretion be personally liable to such Participant in the amount of up to $100 a day from the date of such failure or refusal (unless such failure or refusal results from matters reasonably beyond the control of the administrator).

29. Despite numerous written requests from Ms. Rodriguez for accounting statements, Defendants have remained unresponsive to the request for documents in violation of ERISA.

30. Pursuant to 29 USC § 1132(c), Defendants are liable to Ms. Rodriguez for penalties in an amount of $100.00 per day from the date of its refusal to respond to Ms. Rodriguez's request for account information.

## VIII. THIRD CAUSE OF ACTION

**(Claim for Denial of Benefits Pursuant to ERISA § 503, 29 U.S.C. § 1133 against All Defendants)**

31. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

32. ERISA § 503, 29 USC § 1133(1) provides that every employee benefit plan shall provide adequate notice in writing to any participant whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant.

///

///

33. ERISA § 503, 29 USC § 1133(2) provides that every employee benefit plan shall afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriately named fiduciary of the decision denying the claim.

34. Pursuant to the terms of the Plan, loans are available to Participants. The Plan sets forth the procedure for claiming such benefit, which includes submitting a written request for the loan. In 2019, Ms. Rodriguez was in need of a loan to pay for her daughter's medical care. On September 10, 2019, Ms. Rodriguez submitted a loan application to Defendants Kirk Hester and Kimberly Hester-Wake.

35. Defendants failed to give a full and fair review by failing to provide specific reasons for their denial of Ms. Rodriguez's request for a loan. In fact, the Defendants never responded to the request. Defendants' nonresponse and denial of Ms. Rodriguez's request for a loan without any explanation was a violation of the letter and spirit of 29 USC § 1133.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court grant the following relief:

**As to the First Claim for Relief:**

A. Order that Plan Administrator Defendants are personally liable to Plaintiffs for a penalty of $100 per day from January 1, 2017, to the present.

B. Order that the Plan Administrator Defendants provide Plaintiffs with yearly pension benefit statements until such time as they receive a full distribution of their benefits under the Plan.

C. Order such other and further relief as the Court deems proper.

D. Award Plaintiffs reasonable attorneys' fees and costs of suit incurred herein pursuant to **ERISA** § 502(g), 29 U.S.C. § 1132(g).

**As to the Second Claim for Relief:**

A. Order that the Plan Administrator Defendants are personally liable to Ms. Rodriguez for a penalty of $100 per day from, at the latest, March 27, 2020, to the present.

///

///

B. Order that the Plan Administrator Defendants provide Ms. Rodriguez with yearly pension benefit statements until such time as they receive a full distribution of their benefits under the Plan.

C. Order such other and further relief as the Court deems proper.

D. Award Ms. Rodriguez reasonable attorneys' fees and costs of suit incurred herein pursuant to **ERISA** § 502(g), 29 U.S.C. § 1132(g).

**As to the Third Claim for Relief:**

A. Order Defendants to make a proper review of the Plaintiff's request;

B. Order Defendants to award Plaintiff her benefits owed under the plan;

C. Order such other and further relief as the Court deems proper.

D. Award Ms. Rodriguez reasonable attorneys' fees and costs of suit incurred herein pursuant to **ERISA** § 502(g), 29 U.S.C. § 1132(g).

Dated: October 4, 2023                DONALD R. HOLBEN & ASSOCIATES, APC

By: _____
Carlos Americano, Esq.
Eric P. Enciso, Esq.
Attorney for Plaintiffs,
ALEJANDRA RODRIGUEZ
AND AL ALLAL